UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BEST GRAPHICS, INC.,

        Plaintiff,

v.

        Case No. 20-cv-1686-pp

BINDERY 1, INC.,

        Defendant.

**ORDER GRANTING PLAINTIFF'S RULE 7(H) EXPEDITED NON-DISPOSITIVE MOTION TO ADJOURN TRIAL (DKT. NO. 70), SETTING DEADLINE FOR DEFENDANT'S COMPLIANCE WITH RULE 26(A)(1)(A)(III) AND SETTING A STATUS CONFERENCE**

On January 17, 2024, the plaintiff filed a Rule 7(h) expedited, non-dispositive motion to adjourn the trial scheduled for January 22, 2024, asserting that the plaintiff had not completed its review of supplemental discovery documents. Dkt. No. 70. The same day, the defendant filed a brief stating that it "firmly oppose[d]" adjourning the scheduled trial. Dkt. No. 72. The defendant explained that the plaintiff hadn't requested the supplemental discovery until January 5, 2024 and argued that any delay would significantly prejudice the defendant. On January 18, 2024, the court held a telephonic hearing on the motion.

At the hearing, the court expressed concern that the plaintiff appeared to have requested supplemental discovery the day after the final pretrial conference, and that the discovery related to a legal issue regarding damages

that was not raised in a pretrial motion and that the plaintiff did not mention or ask the court to address at the pretrial conference. The court asked the plaintiff's counsel why he had not raised the damages issue earlier in the litigation by filing a motion *in limine* or other pretrial motion. The plaintiff's counsel explained that the defense never had provided him with damages computations as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii). He stated that when he received the defendant's proposed jury instructions, he realized that the defendant was requesting, among other things, damages for lost profits but had provided him no discovery on how those damages would be computed. He informed the court that he'd provided defense counsel with a letter reminding counsel of the obligation to provide computation under Rule 26(a)(1)(A)(iii), but that defense counsel's response had been to offer to allow the plaintiff to come review boxes of documents showing the number of jobs run through by the Vento machine and make copies of any job tickets related to those jobs. Counsel explained that there was no way that his vendor could copy all those documents before trial began.

    The court then asked defense counsel how he planned to prove the damages, given that his witness list did not name a damages expert. Counsel responded that he intended to present a performance comparison between the machine it hadn't purchased from the plaintiff (the "Champion") and the machine it had purchased from the plaintiff (the "Vento"). Counsel told the court that he had provided the damages computation in two documents contained in his response materials to the plaintiff's motion for summary

2

judgment. When the court asked whether counsel was saying that he had complied with his obligations under Rule 26(a)(1)(A)(iii) by attaching two documents to his summary judgment response, counsel responded that he was saying that those attachments had notified the plaintiff that he'd be using the job tickets and invoices to show that comparison, and that the plaintiff knew that the tickets existed.

Counsel for the plaintiff told the court that he was hearing for the first time today that the way the defense planned to compute damages was by comparing the number of jobs run through the Champion machine with the number of jobs run through the Vento machine and extrapolate from that for other years. He conceded that he could have filed a motion, but told the court that he was not seeking to strike the damages. He stated that he was asking for the damages calculations so that he could address them at trial.

Defense counsel argued, both in his written response and at the hearing, that his client desperately wanted this case to move forward. The case has been pending for years, and counsel argued that the plaintiff had delayed the proceedings before (by asking for an extension of time to file a motion for summary judgment, then filing a motion that was unsuccessful) and now was delaying them again. He emphasized that his client had purchased nonrefundable airline tickets to get witnesses here and that a central witness was an older person. He stated that his client would be willing to forego damages for 2022-2023 to ensure that the trial proceeds on January 22, 2024, as scheduled.

3

The defendant did not comply with Rule 26(a)(1)(A)(iii). The rule requires the party making the initial 26(a) disclosures to disclose "a computation of each category of damages claimed by the disclosing party—who *must also* make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Rule 26(a)(1)(A)(iii).

> Rule 26(e)(1) requires parties to supplement their initial disclosures as more information becomes available to them. If a party does not follow these rules, "the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless." Fed. R. Civ. P. 37(c)(1). Whether a failure to comply with Rule 26(a) or (e) is substantially justified, harmless, or warrants sanctions is left to the broad discretion of the district court. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003); *cf.* Fed. R. Civ. P. 37(c)(a)(1)(A)-(C) (listing sanctions courts may impose).

Dynegy Mktg. & Trade v. Multiut Corp., 648 F.3d 506, 514 (7th Cir. 2011).

Rule 26(a)(1)(A)(iii) requires a disclosing party to provide, *in initial discovery disclosures* (the ones that must be made without the opposing party having to make a discovery demand) computations of each category of damages and the materials on which those computations are based, and Rule 26(e)(1) imposes an ongoing obligation to supplement the initial disclosures as more information becomes available. The defendant's attachment of two documents to a response to a summary judgment motion does *not* comply with this rule. First, the defendant filed the summary judgment materials in June 2022—long after Rule 26(a)(1) disclosures were due and long after discovery had closed.

4

Second, if the court is correct about the documents to which the defendant refers,[1] those documents are not damages computations. Dkt. No. 39-1 is a list of jobs from 2019 and is entitled "Vento Perfect Binder Operations Revenue 2019," along with some invoices. Dkt. No. 39-14 is a document titled "Champion Perfect Binder Operations Revenue 2019," along with some invoices. These documents do not explain how the defendant planned to compute damages and they cover a nine-month period in 2019. Until the telephone hearing on January 18, 2024, the defendant appears to have been seeking damages through 2023.

The plaintiff's counsel has told the court that he is not asking for the sanctions Rule 37 allows; he is not asking the court to prohibit the defendant from seeking damages or from relying on the computation method it has chosen. What he is seeking is what Rule 26(a)(1)(A)(iii) required the defendant to provide years ago, so that he can defend against the defendant's damages claim. Once he sees the discovery to which the rule entitles him, counsel also seeks the opportunity to brief the damages dispute and to have the court rule on it prior to trial.

The court—as perhaps its tone of voice and choice of language expressed during the January 18, 2024 telephone hearing—is disturbed by the eleventh-hour nature of this motion. It is disturbed by the parties' failure to recognize this issue sooner. It is disturbed by the fact that the issue came to light in a

---

[1] The defendant filed fifteen attachments to defense counsel's declaration in opposition to summary judgment. Dkt. Nos. 39-1 through 39-15.

5

one-paragraph "position" statement by the plaintiff regarding the defendant's proposed jury instructions. It was, and still is, very reluctant to adjourn this trial. This circumstance could have been avoided—by the defendant complying with the requirements of Rule 26(a)(1)(A)(iii), by the plaintiff filing a motion to strike the damages claims or bar evidence of damages. The defense has spent money to arrange for witnesses to come, and has waited a long time for its day in court. And this court set aside time next week for a trial that it could have used to schedule many other hearings. But the defendant *is* seeking damages, and the plaintiff's request to adjourn the trial is more reasonable than a request to strike any damages claims.

The court realizes that the parties tried mediation once before, unsuccessfully. Two and a half years and many litigation dollars later, the parties' actions—or inactions—force the trial out further. The court will not require the parties to mediate a second time, but if they wish to do so, the court will do everything in its power to assist them in getting to mediation as quickly as possible.

The court **GRANTS** the plaintiff's non-dispositive motion to adjourn trial. Dkt. No. 70.

The court **ORDERS** the parties to complete all damages discovery—including the defendant's full compliance with its obligations under Fed. R. Civ. P. 26(a)(1)(A)(iii)—no later than the end of the day on **February 23, 2024**.

The court **ORDERS** that the parties must appear for a telephonic status conference on February 29, 2024 at 10:00 AM. The parties must appear by

calling the court's conference line at 551-285-1373 and entering Meeting ID 161 4901 8989 and Passcode 190021 when prompted.

The court **STRIKES** the trial date set for January 22, 2024 and **ADJOURNS** the trial until **June 3, 2024**.

Dated in Milwaukee, Wisconsin this 18th day of January, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

7

Case 2:20-cv-01686-PP   Filed 01/18/24   Page 7 of 7   Document 74